■ CLIFFORD WASHBURN et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 42936.) — *Per Curiam.* Appeal from a judgment of

the Court of Claims in a land appropriation case. For direct and consequential damages on account of the taking of a portion of a rural residential property, the Court of Claims awarded $13,400, the difference between a before value found in the amount of $14,000 and an after value of $600. An additional award of $150 for a temporary easement is not disputed. Claimants' expert testified to a before value of $18,500; constituted by land value of $2,350; plus such improvements to the bare land as a water system and landscaping, $2,150; plus reconstruction cost, less 20% physical depreciation, of the 60-year-old house, $14,000. Admittedly, the property had a market value, there is no suggestion that it was either unique or a specialty and hence, under the familiar authorities, there was no reason for the acceptance of an appraisal based solely on land value plus the cost of the improvements. (See, e.g., *Guthmuller* v. *State of New York*, 23 A D 2d 597.) It cannot seriously be urged that claimants' proof went beyond those factors and the case is not saved by reason of the fact that, upon concluding a detailed explanation of his computation of reconstruction costs, claimants' expert replied "Yes, sir" to the leading question, "Was your main reliance on comparable sales?" Up to that time, indeed, the subject of comparable sales had not been mentioned. The supposed comparable sales thereafter shown were not comparable, as respects use, but in any event were of vacant lands; and, in fact, claimants proved no unit sales. The State's expert's finding of a $9,250 before value also gave effect to reproduction costs but was related, also, to sales that were truly comparable; one of property quite similar to claimants' at $10,500 and one of a much larger lot with a much larger and more desirable house at $14,000. We find that the value of the property was $11,000 before the taking and after it was $850, and that claimants' damage on account of the fee taking was $10,150, of which $100 was direct damage and $10,050 was consequential damage; and that the additional award of $150 for the temporary easement was correct. Judgment modified, on the law and the facts, so as to reduce the award to $10,300 and appropriate interest and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur. Taylor, J., not voting.